lmv

70

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 2 9 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

UNITED STATES FIRE INSURANCE      *
COMPANY
                                  
        VS                        *   C.A. NO. B97 072

ALBERT VILLEGAS                   *

MEMORANDUM OPINION AND ORDER
REGARDING JURISDICTIONAL MOTION

Defendant has brought a post-trial motion to dismiss claiming that there is no subject matter jurisdiction because the amount in controversy never exceeded the jurisdictional minimum of $75,000. Such a motion is always timely for a court without jurisdiction cannot act.

Essentially, it is Defendant's claim that the actual damages in this case at all times was less then the jurisdictional amount and that the punitive damages claim could not legally provide any additional amount to the compensatory claim because Plaintiff sought punitive damages for malice and not fraud and that no such

punitive damages could be awarded without a showing that the Defendant's conduct would result in financial ruin to the Plaintiff. Defendant further argues that given the size and economic status of the Plaintiff, financial ruin was simply not possible.

The jurisdictional challenge had been submitted to the Court before in this case and had been rejected by a Report and Recommendation filed by the Magistrate Judge to which Defendant filed objections which were effectively overruled when the matter went to trial. That motion ignored the punitive damage claim.

While this post-trial jurisdictional motion relies on Plaintiff's claim of malice at trial as a justification for punitive damages, that was only a trial position. The record before trial supported by evidence was that the conversion alleged by Plaintiff was perpetrated by fraud in that Defendant was alleged to have falsely represented to a state court judge in a "friendly" suit that he represented the Plaintiff. In obtaining court's approval of a settlement, Defendant was alleged to have negotiated the settlement without the knowledge or consent of the Plaintiff. The effect of the settlement was alleged to deprive the Plaintiff of its lien rights and the full satisfaction of its claim.

3

The entire case was rife with evidence that Defendant failed to communicate appropriately with the Plaintiff about the settlement beforehand and fraudulently represented that he was representing the company and settled on that basis. Even the Defendant acknowledges that this allegation of fraud would be sufficient to support punitive damages. Jurisdiction was established because this was a valid punitive damage claim which, if established, would have met the jurisdictional limit. The fact that Plaintiff at trial urged only malice as the basis for punitive damages does not negate the fact Plaintiff's claim was based in part on fraud and the claim was in good faith inasmuch as Plaintiff offered evidence in support of that claim. Malice and fraud and malicious fraud were always a part of Plaintiff's case and why Plaintiff spoke only of malice at the trial is unknown.

In addition, it is difficult to conclude as Defendant has, that in <u>Transportation Ins. Co. v. Moriel</u>, 879 S.W. 2d 10 (Tex. 1994), a case where an insurance company was sued by an insured (rather than the opposite as in the instant case), the Texas Supreme Court was setting a rule that would prevent punitive damages from ever being awarded in favor of a large financially solvent company against a fraudulent or malicious individual. <u>Moriel</u> dealt with and set a standard of conduct of an insurer that

must accompany a bad faith claim in order to justify punitive damages for that claim. <u>Moriel</u> indicated that to establish a bad faith claim of an insurer, the insured must establish that the insurer had no reasonable basis for denying or delaying payment of the insurer's claim, and that it knew or should have known that fact. This conduct is different than the conduct which is subject to punishment and that justifies compensatory damages. The bad faith of the insurer justifies an award of punitive damages only where accompanied by malicious, intentional, fraudulent or grossly negligent conduct. The Plaintiffs claim here--a suit by a carrier for conversion--had sufficient elements of fraudulent intentional malicious conduct to meet the jurisdictional limits. The fact that only malice was submitted to the jury as a justification, does not negate jurisdiction.

Accordingly, the jurisdictional motion is denied.

**IT IS SO ORDERED.**

*[signature]* 12/23/98
Stewart A. Newblatt
United States District Judge
*Acting on Assignment*