IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY | § § § | |
| VS. | § | CIVIL ACTION NO. B-97-072 |
| ALBERT VILLEGAS D/B/A LAW OFFICES OF ALBERT VILLEGAS | § § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is "Defendant's Motion for Judgment as a Matter of Law or, Alternatively, Motion for Partial New Trial of Liability and Actual Damages" raising for the most part issues already decided.

The first basis for the Motion is that the Judgment exceeds the amount of settlement which was awarded to the injured party and thus takes funds from persons who have no obligation to repay the plaintiff, the injured party's insurance carrier. The defendant discusses this subject based upon the statement of the question to be: "to what portion of the underlying settlement did the USFIC lien attach."[1] While the settlement approved by the state judge apportioned the funds among the plaintiffs in the State action, that settlement was entered in a proceeding without the participation of the plaintiff herein which was neither represented nor made a party. Since the law requires the plaintiff to be reimbursed from the first proceeds recovered in the underlying action, not to do so was a conversion by the attorney defendant. That attorney defendant presented no

---

[1] Page 3 of defendant's brief.

evidence that he had presented the amount of the lien to the state judge who then apportioned the settlement, or if he did, why the state judge awarded the plaintiff nothing. It is interesting to wonder why the defendant failed to present such evidence.[2] The apportionment of any settlement which did not consider the plaintiffs' lien first cannot eliminate the lien. It is important to note that the judgment entered in this case does not in any way alter the apportionment by the state judge between the injured party, his spouse and his children. They are bound by that. The judgment here is against the defendant attorney who allowed that apportionment to take place depriving plaintiff herein of its lien and its right to reimbursement from the first funds available.

Nevertheless, the attorney for the defendant says: "The critical issue in this case is to what portion of the underlying settlement did the USFIC lien attach, since there were multiple plaintiffs, some of whom were not beneficiaries under the workers' compensation scheme?"[3] The answer to the question repeatedly held throughout this case is according to the statute: The first proceeds. Since defendant did not respect that and caused the lien to be destroyed, he has converted the settlement proceeds and is liable therefor. The "first proceeds" were the lump sum amount of the settlement ($150,000) before the apportionment. And while an apportionment by the court where the insurance carrier is represented may well alter the amount of the lien, the lien as any other property interest, cannot be altered in a legal proceeding in which the lienor (the

---

[2] It is also interesting to note why the plaintiff itself did not present a record of the state court settlement hearing. It may well have been instructive. It was not necessary however since the plaintiff was not a party thereto and not bound by the apportionment made therein.

[3] Page 3 of defendant's brief.

owner of the property interest) is not a party.

Thus, the claim against defendant is for conversion. The amount converted was the $71,000, the amount of the lien. The claim is not limited to the $30,000 allocated to the injured party because that was not the amount converted. Moreover, to so limit the damages for the destruction of the lien would permit the defendant to escape the consequences of his wrongful conversion and achieve his wrongful purpose of limiting the plaintiff's recovery of its $71,000 claim to the $30,000 allocated to the injured party. That was precisely what the statute prevented by creating the lien on the first proceeds.

The fact that defendant later paid $30,000 into a court pending the resolution of this case neither created nor restored the lien nor reduced the amount of the conversion. It just created a potential fund to help defer the damages caused by the conversion. (It was not even paid over until the Court determined defendant had converted the fund. It was not secured by a lien).

Next, the defendant wants the judgment reduced by the "reasonable attorney's fees necessary to make the recovery."[4] For the reasons stated by plaintiff and previously stated by the Court this Motion is DENIED.

The Motion for a partial new trial is DENIED as the apportionment of the funds by the defendant destroyed the plaintiffs' lien on the first proceeds. The damages awarded herein are measured by the amount of the lien destroyed.

---

[4] Page 4 of defendant's brief.

All Motions are **DENIED**.

**SO ORDERED.**

DONE at Brownsville, Texas this 27th day of January, 2000.

*[signature]* 1/22/00
Stewart A. Newblatt
Senior United States District Judge
*Sitting on Assignment*